IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

C. JAMES OLSON, et al.,　　　　　　*

　　　Plaintiffs　　　　　　　　　　*

　　　v.　　　　　　　　　　　　　　*　　CIVIL NO.: WDQ-12-0240

MARTIN O'MALLEY,　　　　　　　　　*
　　　Governor of the State of
　　　Maryland

　　　Defendant.　　　　　　　　　　*

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

MEMORANDUM OPINION

C. James Olson and others[1] ("the plaintiffs") sued Martin O'Malley, Governor of Maryland ("the Governor"), challenging the constitutionality of the October 2011 Maryland redistricting plan. For the following reasons, the Governor's motion to dismiss will be granted. The plaintiffs' motion for summary judgment will be denied.

I.　Background[2]

After each United States decennial Census, the Governor of Maryland is required to propose a new congressional district map

---

[1] C. Paul Smith, Ronald George, Carl F. Middledorf, Antonio Wade Campbell, and Philip J. Smith.  ECF No. 2 at 1.

[2] For the Governor's motion to dismiss, the well-pled allegations in the plaintiffs' complaint are accepted as true.  See Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011).  For the plaintiffs' motion for summary judgment, the non-movant's evidence "is to be believed, and all justifiable inferences are to be drawn in [his] favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

of Maryland, taking into account changes in population and in the number of Maryland's members of the United States House of Representatives.  ECF No. 2 ¶¶9-10.

On July 21, 2011, Maryland's Republican Party proposed a redistricting map ("the Republican proposal") that "would yield more compact districts that give due regard for county boundaries and . . . comply with federal equal population requirements."  Id. ¶20.

On October 20, 2011, the Maryland Senate and House of Delegates proposed, and the Governor signed into law, a different redistricting plan ("the redistricting plan" or "the plan").  Id. ¶19.  Its districts are less compact, and divide counties more, than those in the Republican proposal.  Id. ¶20.

On November 22, 2011, the plaintiffs filed a complaint seeking declaratory judgment and simultaneously moved for summary judgment in the Circuit Court for Anne Arundel County.  ECF No. 1 ¶2.  During December 2011, the plaintiffs sought and were denied permission to intervene, but were granted permission to file an *amicus* brief, in *Fletcher v. Lamone*, No. 11-cv-3220, another challenge to the redistricting plan in this Court.  Id. ¶6.  On December 23, 2011, the *Fletcher* court upheld the redistricting plan.  Id. ¶7.  On December 28, 2011, the plaintiffs served the complaint and an amended motion for summary judgment on the Governor.  Id. ¶8.  On January 24, 2012,

the Governor removed to this Court and moved to dismiss, or in the alternative, cross-moved for summary judgment. *Id.* ¶9; ECF No. 7.

II. Analysis

The plaintiffs contend that the redistricting plan violates the Maryland constitution and laws because it gives insufficient consideration to contiguity, compactness, and political subdivisions. ECF No. 14 at 2, 4. They argue that the plan violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it violates Maryland's redistricting law.[3] *Id.* at 2.

A. 28 U.S.C. § 2284

Under 28 U.S.C. § 2284(a), "[a] district court of three judges shall be convened when . . . an action is filed challenging the constitutionality of the apportionment . . . of any statewide legislative body." However, a single district judge may dismiss such an action if he determines that the claims are "insubstantial in that they are obviously without merit or clearly determined by previous case law." *Duckworth v. State Bd. of Elections*, 213 F. Supp. 2d 543, 546 (D. Md. 2002)

---

[3] The plaintiffs also initially claimed that the redistricting plan violates Article IV, § 4 (the guarantee clause) and the Fourteenth Amendment equal protection clause. *See* ECF No. 4 Attach. 1 at 13. They abandoned those arguments after the court's decision in *Fletcher v. Lamone*, No. 11-cv-3220, 2011 WL 6740169 (D. Md. Dec. 23, 2011) (upholding Maryland's redistricting plan against similar challenges).

[hereinafter "*Duckworth I*"]. A constitutional claim is insubstantial if its allegations fail to state a claim for which relief may be granted. *Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769, 773-75 (4th Cir. 2003) [hereinafter "*Duckworth II*"] (aff'g *Duckworth I*). Accordingly, this Court will determine whether the plaintiffs have asserted a substantial constitutional claim before convening a three-judge panel.

B.  The Governor's Motion to Dismiss

1.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to

"state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

    2.   Article III, § 4 of the Maryland Constitution

The plaintiffs contend that the redistricting plan violates Article III, § 4 of the Maryland Constitution. ECF No. 14 at 4. That section states:

> Each legislative district shall consist of adjoining territory, be compact in form, and of substantially equal population. Due regard shall be given to natural boundaries and the boundaries of political subdivisions.

The Governor contends that § 4 only governs state legislative districts. ECF No. 7 at 16.

Article III governs the Legislative Department of Maryland. Md. Const. Art. III. Its sections focus almost entirely on the powers and limitations of the Maryland Senate and House of Delegates. *See id.* It references the federal government only once, in § 10, which states that "[n]o member of Congress, or person holding any . . . office under the United States, shall be eligible as a Senator, or Delegate." Md. Const. Art. III § 10. Presumably "Senator" refers to a Maryland State Senator, but the statute does not specify that. *See id.*

In their complaint, the plaintiffs distinguished between state and federal districting, referring to "congressional districts," rather than legislative districts, to discuss the federal districting. ECF No. 2 ¶13. They separately noted that Article III, § 4 of the Maryland Constitution "requires that all state districts, for which representatives are elected to the Maryland Senate and House of Delegates," satisfy its contiguity, compactness, and political boundary requirements. *Id.* ¶15. The Complaint asserts that § 4 only "establishes a State policy [rather than requirement] for setting the boundaries of all state and congressional election districts in the State of Maryland." *Id.* ¶16.

Section four's context supports the understanding that it applies only to state legislative districts. Section four is

6

most often read together with §§ 2, 3, and 5 of Article III.[4] This strongly suggests that § 4--like §§ 2, 3, and 5--does not govern congressional districting.

The Court of Appeals of Maryland uses the term "legislative district" to refer to state legislative districts and not congressional districts. See, e.g., Matter of Legislative Districting of the State, 370 Md. at 225, 805 A.2d at 305; In re Legislative Districting of State, 299 Md. at 673, 475 A.2d at 435.

The plaintiffs argue that because Article III, § 4 "ensure[s] the fairness of legislative representation," it should be interpreted to apply to federal and state redistricting. ECF No. 14 at 5 (quoting Matter of Legislative Districting, 299 Md. at 681, 475 A.2d at 440). They offer no

---

[4] See, e.g., Matter of Legislative Districting of the State, 370 Md. 312, 324-25, 805 A.2d 292, 299 (2002). Those sections indisputably govern only state legislative districting. See Md. Const. Art. III, § 2 (number of members of the Senate and House of Delegates), § 3 (Maryland "shall be divided by law into legislative districts for the election of members of the Senate and the House of Delegates"), § 5 (directing Governor to "prepare a plan setting forth the boundaries of the legislative districts for electing of the members of the Senate and the House of Delegates"). All, including § 4, were enacted in response to "federal constitutional requirements for reapportionment of the state legislature." Matter of Legislative Districting of State, 299 Md. 658, 676 n.7, 475 A.2d 428, 437 n.7 (1984).

rationale why fairness requires application of the section more broadly than its terms and context suggest.[5]  *Id.*

There is authority that § 4 applies only to state legislative districts. *Duckworth I*, 213 F. Supp. 2d at 552 n.1. Recently, Judge Titus commented that § 4 "pertain[s] to the reapportionment of the state legislature," indicating that it does not pertain to congressional redistricting. *Fletcher*, 2011 WL 6740169, *17 (Titus, J., concurring).[6]

The plaintiffs have cited--and the Court has found--no authority for applying § 4 to congressional redistricting. See ECF No. 14 at 4-9. In light of the historical, contextual, and judicial authorities interpreting "legislative districts" to

---

[5] Further, the redistricting cases on which the plaintiffs rely for their argument discuss districting requirements in "a state legislative redistricting context." *Id.*, 299 Md. at 676, 475 A.2d at 437; *Matter of Legislative Districting*, 370 Md. at 320, 805 A.2d at 296. Accordingly, they lend no authority to an argument for application in a congressional redistricting context. In their amended motion for summary judgment, the plaintiffs stated that the Maryland Court of Appeals "endorsed" the view that § 4 "has no applicability to the congressional districts." ECF No. 6 Attach. 1 at 14. They retracted that concession in their opposition to the Governor's motion to dismiss. ECF No. 14 at 7.

[6] Focusing on his next sentence ("[Section four's] criteria clearly were not applied in this case, and had they been, it would be difficult to conceive how the plan . . . could have passed muster."), the plaintiffs argue that Judge Titus "did not state that the criteria of Section 4 did not apply." ECF No. 14 at 8 (emphasis omitted). That assertion ignores Judge Titus's unambiguous statement that § 4 pertains to reapportionment of the state legislature. *See Fletcher*, 2011 WL 6740169, *17 (Titus, J., concurring). Judge Titus's discussion of § 4 concludes that it does not apply to congressional districting.

mean "state legislative districts,"--and the lack of support for interpreting it to include congressional districts--the plaintiffs have not "shown" that Article III, § 4 entitles them to relief. They have not stated a claim for which relief may be granted. See *Ashcroft*, 129 S. Ct. at 1950.

### 3. Maryland Election Law

The complaint does not allege that the plan conflicts with Maryland statutes. See ECF No. 2. Nonetheless, they argue such a conflict is a basis for their claim. ECF No. 14 at 2. Had the complaint included such a claim, § 1-201 of Maryland Code, Election Law, would not provide grounds for challenging the redistricting plan. As the Governor notes, when two state statutes conflict, "the later statute governs." *Carroll Cnty. Educ. Ass'n, Inc. v. Bd. of Educ. of Carrol Cnty.*, 294 Md. 144, 152, 448 A.2d 345, 350 (1982). That the provisions were "enacted at different times with no reference to each other" is irrelevant. *Id.*, 294 Md. at 152, 448 A.2d at 349. Accordingly, the alleged conflict with the earlier-enacted statute does not state a claim for which relief may be granted.

### 4. Due Process

The plaintiffs' Due Process argument rests on the contention that the redistricting plan violated the state constitution and statutes. ECF No. 14 at 2. As discussed

above, the plaintiffs have not stated a violation of Maryland law. Accordingly, their Due Process claim also fails.

C. The Plaintiffs' Motion for Summary Judgment

Under Rule 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[7]

The plaintiffs contend that they are entitled to summary judgment because the redistricting plan conflicts with Md. Code, Elections § 1-201, violates Article III, § 4 of the Maryland Constitution, and in violating Maryland laws it violates the Due Process clause of the Fourteenth Amendment. ECF No. 6 Attach. 1 at 10, 12, 14.

A statute that conflicts with an earlier-enacted statute pre-empts the earlier statute. *Carroll Cnty. Educ. Ass'n, Inc.*, 294 Md. at 152, 448 A.2d at 350. Accordingly, such a conflict does not demonstrate entitlement to judgment as a matter of law.

Article III, § 4 does not apply to congressional redistricting. See *Duckworth I*, 213 F. Supp. 2d at 552 n.1; *Fletcher*, 2011 WL 6740169, *17 (Titus, J., concurring); *cf. In*

---

[7] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

re *Legislative Districting of State*, 299 Md. at 676, 475 A.2d at 437 (applying § 4 in "a state legislative redistricting context"); *Matter of Legislative Districting of the State*, 370 Md. at 320, 805 A.2d at 296 (same). Accordingly, the plaintiffs are not entitled to judgment as a matter of law on their § 4 claim.

The plaintiffs' Due Process argument depends on violation of state law. ECF No. 6 Attach. 1 at 20. As the plaintiffs have not shown that the redistricting plan violates the Maryland Constitution or statutes, they are not entitled to judgment on their Due Process claim.

The plaintiffs are not entitled to judgment as a matter of law. Their motion for summary judgment will be denied.

III. Conclusion

For the reasons stated above, the Governor's motion to dismiss will be granted, and the plaintiffs' motion for summary judgment will be denied. The plaintiffs' complaint fails to state a claim for which relief can be granted, and thus they have not alleged a substantial claim, and a three-judge panel is not necessary.

3/5/12
Date

William D. Quarles, Jr.
United States District Judge